IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOCIETY OF GENERAL INTERNAL MEDICINE & NORTH AMERICAN PRIMARY CARE RESEARCH GROUP,<br>    *Plaintiffs*,<br><br>    v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br>    *Defendants*. | Case No. 8:25-cv-2751-BAH |

**UNOPPOSED MOTION TO EXTEND THE OBLIGATION DEADLINE FOR THE AGENCY FOR HEALTHCARE RESEARCH AND QUALITY'S FISCAL YEAR 2025 APPROPRIATION**

In this case, Plaintiffs the Society of General Internal Medicine and the North American Primary Care Research Group—two professional societies of healthcare researchers—allege that Defendants have unlawfully halted grantmaking for health services research at the Agency for Healthcare Research and Quality (AHRQ), including the making of grants using funds that Congress appropriated to AHRQ in a March 2025 continuing resolution. After Plaintiffs moved for a preliminary injunction, Defendants informed Plaintiffs and the Court that they do not oppose extending the period of obligation for funds beyond the September 30, 2025, statutory deadline. Accordingly, after consultation with counsel for Defendants, Plaintiffs respectfully move for an order extending the obligation period of the fiscal year 2025 funds appropriated in the March 2025 continuing resolution until December 31, 2025. Counsel for Defendants have stated that Defendants do not oppose the relief requested herein.

1

## BACKGROUND

AHRQ is a component of the Department of Health and Human Services (HHS) that has been tasked by statute with "enhanc[ing] the quality, appropriateness, and effectiveness of health services, and access to such services, through the establishment of a broad base of scientific research and through the promotion of improvements in clinical and health system practices." 42 U.S.C. § 299(a)–(b). In its 2024 appropriations for HHS, Congress appropriated $369 million to AHRQ for carrying out its statutory responsibilities. Consolidated Appropriations Act, Pub. L. No. 118-47, div. D, tit. II, 138 Stat. 460, 661–62 (Mar. 23, 2024). In March 2025, Congress continued funding for AHRQ at that same level for fiscal year 2025 through a continuing resolution. *See* Full-Year Continuing Appropriations Act, Pub. L. No. 119-4, § 1101, 139 Stat. 9, 10–11 (Mar. 15, 2025) (March 2025 Continuing Resolution). Under the March 2025 Continuing Resolution, those funds are available for obligation by AHRQ through September 30, 2025, the end of the fiscal year. *Id.* § 1106, 139 Stat. at 12.

On August 21, 2025, Plaintiffs filed suit against HHS, Secretary Robert F. Kennedy Jr., AHRQ, and AHRQ Director Roger D. Klein. The Complaint alleges that Defendants have unlawfully halted grantmaking at AHRQ. *See* Compl. ¶¶ 25–54, ECF 1. Plaintiffs bring five claims under the Administrative Procedure Act—including that Defendants acted contrary to AHRQ statutes and regulations, the March 2025 Continuing Resolution, and the Impoundment Control Act; that they acted arbitrarily and capriciously; and that they are unreasonably delaying or unlawfully withholding decisions on pending grant applications. *See id.* ¶¶ 55–61.

Plaintiffs moved for a preliminary injunction. *See* ECF 4. As part of the relief requested in that motion, Plaintiffs asked the Court for an order extending the deadline for AHRQ to obligate funds in the March 2025 Continuing Resolution so that those funds would remain available for

obligation throughout the pendency of the litigation. *See* Proposed Order, ECF 4-14; *see also* Mem. in Supp. of Mot. for Prelim. Inj. 30, ECF 4-1 (arguing that such relief is available and appropriate). The Court held a hearing on the preliminary injunction motion on September 11, 2025. At the hearing, counsel for Defendants stated that Defendants did not oppose an order extending the obligation deadline for AHRQ's fiscal year 2025 appropriations. Defendants have since stated that they do not object to an extension of the deadline to December 31, 2025.

## ARGUMENT

The Court has the authority to enter the requested order extending the obligation date of AHRQ's fiscal year 2025 funding. The D.C. Circuit—which has historically heard most of the legal disputes over federal funding—has "repeatedly 'reaffirmed the power of the courts to order that funds be held available beyond their statutory lapse date if equity so requires.'" *State of Conn. v. Schweiker*, 684 F.2d 979, 997 (D.C. Cir. 1982) (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977); *see also Goodluck v. Biden*, 104 F.4th 920, 927–28 (D.C. Cir. 2024) (recognizing continued vitality of remedy in appropriations context). Following this line of cases, at least one court in this district has exercised its equitable authority to extend obligation deadlines. *See Defy Ventures, Inc. v. U.S. Small Bus. Admin.*, 469 F. Supp. 3d 459, 478–79 (D. Md. 2020).

As these courts have recognized, a court's power to "suspend the operation of a lapse provision and extend the term of already existing budget authority" is "completely consistent with the accepted principle that the equity powers of the courts allow them to take action to preserve the status quo of a dispute and to protect their ability to decide a case properly before them." *Nat'l Ass'n of Reg'l Councils*, 564 F.2d at 588. This power "does not conflict with Congress' exclusive power to appropriate funds." *State of Conn.*, 684 F.2d at 997. Rather, such an "exercise of the

court's equitable powers has given effect to congressional intent by permitting timely claimants to recover from funds that Congress set aside for that purpose." *Rochester Pure Waters Dist. v. EPA*, 960 F.2d 180, 184 (D.C. Cir. 1992). Indeed, Congress has expressly provided that "[a] provision of law requiring that the balance of an appropriation or fund be returned to the general fund of the Treasury at the end of a definite period does not affect the status of lawsuits or rights of action involving the right to an amount payable from the balance." 31 U.S.C. § 1502(b); *see also Goodluck*, 104 F.4th at 928 (discussing provision as support for courts' authority to extend obligation period).

Particularly because Defendants do not oppose an extension, the Court has the authority to extend the obligation deadline without otherwise ruling on the motion for a preliminary injunction or determining that Plaintiffs are likely to succeed on the merits. *See United States v. North Carolina*, 192 F. Supp. 3d 620, 627 (M.D.N.C. 2016) (gathering cases with consent entries of preliminary relief without the court "making any findings regarding the likelihood of success on the merits"); *see also, e.g.*, *RLM Commc'ns, Inc. v. Tuschen*, No. 5:14-cv-250-FL, 2014 WL 1921087, at *5 (E.D.N.C. May 14, 2014); *Allianz Life Ins. Co. of N. Am. v. Cain*, No. 3:12-cv-264-RJC-DSC, 2013 WL 3880217, at *1–2 (W.D.N.C. July 26, 2013); *Perrier Party Rentals, Inc. v. Event Rental, LLC*, No. 07-cv-3244, 2007 WL 2284579, at *1 (E.D. La. Aug. 7, 2007). And while the Fourth Circuit has not "explicitly considered the propriety of such orders[,] … it has acknowledged their existence without commenting negatively on the practice." *North Carolina*, 192 F. Supp. 3d at 627 (discussing *Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 296 & n. 3 (4th Cir. 2011)).

Further, such an order advances the parties' "mutual goal to preserve the status quo pending [a] ruling by the court" on the merits of the case. *RLM Commc'ns*, 2014 WL 1921087, at *3.

Indeed, this interest in preserving the status quo recently led one district court to suspend the statutory lapse of fiscal year 2025 appropriations—without a determination that the plaintiffs were likely to succeed on the merits and over the government's objection to the relief. *See Nat'l Family Planning & Reprod. Health Ass'n v. Kennedy*, No. 25-cv-1265-ACR (D.D.C. Sept. 12, 2025), ECF 38. Here, the relief requested in the attached proposed consent order preserves the status quo and is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Court should order that the deadline for AHRQ to obligate funds provided in the Full-Year Continuing Appropriations Act, Pub. L. No. 119-4, *id.* § 1106, be extended to December 31, 2025.

Dated: September 18, 2025   Respectfully submitted,

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock (D. Md. Bar No. 31594)
Allison M. Zieve (admitted *pro hac vice*)
Cormac A. Early (admitted *pro hac vice*)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiffs*