## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOCIETY OF GENERAL INTERNAL MEDICINE, ET AL., <br><br>     Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., ET AL., <br><br>     Defendants. | Case No.: 8:25-cv-02751-BAH |

## EMERGENCY MOTION TO VACATE
## OR, IN THE ALTERNATIVE, TO AMEND ORDER

Defendants, by and through undersigned counsel, hereby move pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate or, in the alternative, to amend the Court's Order entered on September 19, 2025, ECF No. 21 (the "Order"), and in support thereof state as follows:

1.  On August 21, 2025, Plaintiffs filed a Motion for Preliminary Injunction, ECF No. 4 (the "PI Motion"). As part of the relief requested in the PI Motion, Plaintiffs sought an extension of the September 30, 2025 deadline to obligate fiscal year 2025 funds available to the Agency for Healthcare Research and Quality (AHRQ). ECF No. 4-14 (proposed order).

2.  A hearing on the PI Motion took place before this Court on September 11, 2025. At the hearing, undersigned counsel reported to the Court that AHRQ was in the process of reviewing certain continuation grant applications, many of which have been completed at this time. Defendants in good faith agreed that they would not oppose the extension requested by Plaintiffs, so long as the order would not impose any obligations on Defendants.

3.  On September 18, 2025, Plaintiffs moved to extend the appropriations deadline. ECF No. 20. As agreed, Defendants did not oppose the motion to extend, nor did Defendants join

in that motion.  The next day, the Court entered the Order granting Plaintiffs' motion to extend. ECF No. 21.  The Order provides:  "ORDERED that the deadline for AHRQ to obligate funds provided in the Full-Year Continuing Appropriations Act, Pub. L. No. 119-4, *id.* § 1106, shall be extended to December 31, 2025."  ECF No. 21.

4.    The agency did not and does not oppose the relief sought by Plaintiffs and granted by this Court pursuant to the Order.  Its position is unchanged.  Nevertheless, since the Order was entered, it has come to the attention of undersigned counsel that the Order is not legally effective as written.  The fiscal year 2025 AHRQ appropriation provides a lump-sum amount to carry out a wide range of activities and functions for which AHRQ is responsible, and no amount of the lump sum is earmarked for any particular AHRQ grant program.  Thus, the entirety of such funds provided in the fiscal year 2025 AHRQ appropriations are not at issue in this case.  The Court lacks authority to act with respect to appropriated amounts that do not involve the parties and the dispute before it.  As a result, the Order amounts to an amendment of the fiscal year 2025 appropriations statute, which may only be done by Congress.

5.    What a district court may do (but which was not done in ECF No. 21) is direct an agency to preserve a sum certain amount of appropriated funds (so as to prevent their expiration), which may be used to provide relief to a plaintiff in the event the plaintiff prevails in the litigation. In doing so, the ultimate issue the district court must be addressing in the lawsuit is whether the government is legally liable for the payment of the specific amount that is preserved in the order. The purpose is to preserve the status quo by preventing the expiration of appropriated funds while the litigation is pending.  *See, e.g.*, *Goodluck v. Biden*, 104 F.4th 920, 927-28 (D.C. Cir. 2024) ("courts may 'suspend the operation of a lapse provision' because their equitable powers 'allow them to take action ***to preserve the status quo of a dispute and to protect their ability to decide a***

*case properly before them*.") (emphasis added) (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977)).

Such an order may be problematic and/or inappropriate in the context of this case. For example, it is not clear what amount the Court would direct AHRQ to set aside. Plaintiffs do not seek money damages or allege that they are entitled to money from the government (indeed, requesting such relief would suggest a lack of jurisdiction in district court under the Tucker Act, as well as remove the case from APA review under 5 U.S.C. § 702, which limits APA claims to those seeking relief other than money damages). Plaintiffs ask the Court to order AHRQ to "restart" its grantmaking processes, not to award any particular grant. ECF No. 1 (Complaint) at 20 (Prayer for Relief); ECF No. 4-14 (proposed order on PI Motion). And, there seems to be no serious dispute that AHRQ has wide discretion in determining whether to award any grant. *E.g.*, 42 C.F.R. § 67.17(a) ("Within the limits of available funds, the Administrator *may* award grants to those applicants whose projects are being considered for funding, which *in the judgment of the Administrator*, will promote best the purposes of Title IX of the PHS Act . . . , AHCPR priorities, and the regulations of this subpart.").[1] In addition, to the extent any order entered were to infringe on AHRQ's ability to exercise its discretion to allocate fiscal year 2025 funds to grant programs, as opposed to other permissible uses, the order would violate *Lincoln v. Vigil*, 508 U.S. 182 (1993). Relatedly, to the extent the parties and the Court intended through ECF No. 21 to allow AHRQ to continue to exercise its discretion in awarding continuation grants beyond the appropriation's expiration on September 30, even amending ECF No. 21 would not (and could not) effectuate this intention. Thus, Defendants have serious doubts about the propriety or utility of any amended

---

[1] *See also* 42 C.F.R. § 67.17(d) ("In all cases, continuation awards require a determination by the Administrator that continuation is in the best interest of the Federal Government."); *id.* § 67.17(e) ("Neither the approval of any application nor the award of any grant commits or obligates the Federal Government in any way to make any additional, supplemental, continuation, or other award with respect to any approved application.").

order being entered in this case.

6.      Defendants' primary contention in the instant motion is that ECF No. 21 should simply be vacated to accord with the law.  In the alternative, Defendants seek to amend ECF No. 21 in the form of the attached proposed order, which Defendants understand will be effective in preventing the expiration of a specified amount of unobligated fiscal year 2025 funds that could be used should Plaintiffs prevail in this litigation.  The $53,000,000 figure specified in the proposed order is the estimated aggregate amount of fiscal year 2025 funds that could be awarded under the pending continuation grant applications that are unlikely to be approved for award prior to the appropriation's expiration.  To be clear, Defendants offer this alternative relief in good faith in an attempt to conform the Court's original Order to that permitted by law and so effectuate the Court's intent, but Defendants do not agree that the entry of any order is necessary or appropriate in this case for the reasons stated above.

7.      **To ensure its effectiveness, any amended order should be entered prior to the expiration of funds at 11:59 p.m. on September 30, 2025.**

8.      In full transparency, AHRQ is exploring alternative uses for unobligated amounts remaining in the fiscal year 2025 AHRQ appropriation.  Given that the fiscal year 2025 AHRQ appropriation is a lump-sum appropriation, the agency is permitted to use its discretion in this manner.  *See Lincoln v. Vigil*, *supra*.  Should AHRQ obligate any portion of the unobligated fiscal year 2025 funds prior to the date of expiration, it is possible that there will be no (or insufficient) remaining unobligated funds to preserve or set aside as directed in the proposed order.  The proposed order makes clear that if this occurs, Defendants are in no way violating the order.

9.      Undersigned counsel became aware of the above-described issue with the Order on the afternoon of Friday, September 26, and reached out to Plaintiffs' counsel to discuss how the

4

issue might be resolved in the early morning on Sunday, September 28. Plaintiffs have indicated that they intend to file a response to this motion.

10.    Should the Court like to discuss the instant motion with the parties prior to the expiration of funds at 11:59 p.m. on September 30, undersigned counsel is available at the Court's convenience.


Dated:  September 28, 2025

<div style="margin-left: 50%;">

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    */s/  Jessica Dillon*
       Jessica F.W. Dillon (Bar No. 19249)
       Assistant United States Attorney
       36 South Charles Street, 4th Floor
       Baltimore, Maryland 21201
       (410) 209-4892 (direct)
       (410) 962-2310 (fax)
       jessica.dillon@usdoj.gov

       *Counsel for Defendants*

</div>